205

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE HUMACAO

| | |
|---|---|
| PABLO RIVERA ANDREU<br><br>DEMANDANTE<br><br>VS.<br><br>PALL LIFE SCIENCES, LLC; JANE & JOE DOE; ASEGURADORA XYZ<br><br>DEMANDADOS | CIVIL NÚM. HSC12013-01428<br>SOBRE:<br>LEY 100 EN SU MODALIDAD DE DISCRIMEN POR EDAD; ARTICULO 1802 DEL CODIGO CIVIL; ADEA (29 USCA 621, ET-SEQS); |

## DEMANDA

**AL HONORABLE TRIBUNAL:**

**COMPARECE**, la parte demandante de epígrafe Pablo Rivera Andreu, (en lo sucesivo "el demandante"), por conducto de la representación legal que suscribe y muy respetuosamente Expone, Alega y Solicita:

### I. LAS PARTES

1.1 El demandante Pablo Rivera Andreu, es un obrero de 57 años de edad, casado y empleado por Pall Life Sciences, y cuya dirección lo es: Extensión Diplo Calle 19 R-3 Naguabo, PR 00718

1.2 La parte demandada lo es Pall Life Sciences LLC., y la cual es una corporación doméstica con responsabilidad limitada y fines de lucro creada de conformidad con las leyes del Estado Libre Asociado de Puerto Rico y debidamente registrada en el Departamento de Estado, Número de Registro 286 y cuya dirección física lo es: carretera 194 Km 0.4 Fajardo, PR 00738 y su dirección postal lo es P.O. Box 729 Fajardo, PR 00738. La demandada tiene cincuenta o más empleados en su planta de Fajardo Puerto Rico.

1.3 Los demandados Jane Y John Doe son personas naturales y/o jurídicas y son a su vez demandados desconocidos y/o de nombre desconocido los cuales han sido designados con dichos nombres ficticios ya que por información y creencia tienen responsabilidad solidaria y/o mancomunada por los hechos ilícitos reclamados en la presente acción civil. Estos nombres ficticios en su momento serán sustituidos por los nombres reales de dichas personas naturales y/o jurídicas una vez se advenga a conocer su verdadera identidad.

2

1.4    La Co-demandada XYZ compañía de seguros y es por información y creencia una persona jurídica la cual expidió una póliza a favor de cualesquiera de los demandados y la cual provee cubierta para los hechos alegados en la presente Demanda.

## II.    COMPETENCIA Y JURISDICCIÓN

2.1    Debido a que la presente acción se trata de un procedimiento al amparo de la Ley 100 de 30 de junio de 1959 según enmendada, y debido a que la residencia del obrero demandante es en Naguabo, Puerto Rico; entendemos muy respetuosamente que este Honorable Tribunal es el Tribunal con competencia para entender en este asunto.

2.2    Se invoca la Jurisdicción concurrente de este Honorable Tribunal para atender el presente caso bajo los estatutos locales y federales que prohíben el discrimen por razón de edad, Específicamente a los estatutos que se enumeran a continuación: La Ley 100 de 30 de Junio de 1959, (29 LPRA §146); y La "Age Discrimination in Employment Act" ("ADEA") 29 USCA § 621 et-seqs); También se reclaman daños económicos y morales bajo el artículo 1802 del Código Civil de Puerto Rico.

2.3    El demandante informa que previo a la radicación de esta acción civil; se radicó un cargo de discrimen el la Unidad Antidiscrimen de Puerto Rico y la EEOC.

**2.4**    Que luego de varios intentos de mediación entre las partes y luego de transcurridos más de ciento ochenta (180) días desde la radicación del cargo ante la Unidad Antidiscrimen y el EEOC, la parte demandante solicitó el cierre de la querella administrativa y solicitó la autorización para demandar ("Right To Sue" letter) **(Anejo I)**

2.6    Que la presente demanda se está radicando dentro del término de noventa (90) días de haber recibido la autorización para demandar de el EEOC.

### III. Los Hechos

3.1  El demandante Pablo Rivera Andreu, es un ciudadano de los estados unidos de Norteamérica, casado, y quien actualmente tiene la edad de cincuenta y ocho (58) años. El demandante posee una preparación académica de cuarto año de escuela superior y no habla inglés.

3.2  El demandante comenzó a trabajar para la demandada Pall Life Sciences de forma continua e ininterrumpida desde el 21 de Septiembre de 1987 en la posición de "Warehouse Person" hasta el 13 de junio de 2005. En esa fecha la demandada, sin aviso, justificación ni notificación previa al demandante le dio un descenso en puesto y salario, en ese momento al demandante solo le notificaron que su plaza sufrió un cambio de departamento y que por este motivo, el título de su puesto también cambiaria de "Warehouse Person" a "Material Handler". La plaza de Warehouse Person no fue eliminada por la empresa. En el momento en que surge el cambio, al demandante no se le informó, ni este sospechó tampoco que debido a ese cambio, recibiría en el futuro un salario menor al que reciben los empleados que siguen trabajando bajo el título de "Warehouse Persons". Actualmente, todos los empleados bajo el Título de Warehose Person empleados por Pall reciben salarios más altos a los que reciben los Material Handlers.

3.3  Desde que comenzó a trabajar para la empresa demandada, el demandante recibía aumentos de salario anuales a base de los resultados de las evaluaciones de desempeño. Las evaluaciones y los aumentos salariales se realizan durante el mes de noviembre.

3.4  Así las cosas, durante el mes de Agosto de 2010, la demandada dio un aumento de salario a todos los empleados del área de almacén, con excepción del demandante. Las personas que se beneficiaron por el aumento de salario son en su mayoría personas más jóvenes que el demandante, que poseen menos antigüedad en el empleo y poseer menos experiencia en el trabajo.

3.5  Debido a que no recibió el ajuste de salario durante el mes de noviembre del año 2010, y debido a que tenía conocimiento de que todos los empleados de almacén habían recibido un aumento de salario en el mes de agosto, este se quejó en la oficina de recursos humanos de Pall. En o alrededor de enero de 2011, el demandante se reunió con la directora de Recursos Humanos de Pall y el supervisor del demandante, Sr. Héctor Olmeda En esa reunión le dijeron al

4

demandante que los ajustes realizados a los empleados de almacén habían sido ajustes por "compresión" y que debido a este motivo a él no le correspondía aumento de salario. No obstante, al demandante, no se le explicó lo que era la alegada "compresión" y tampoco se le explicó porque no había recibido el aumento anual correspondiente a desempeño.

3.6   Así las cosas e inconforme con la explicación que le dio la directora de recursos Humanos sobre los aumentos, en fecha de junio de 2011, el demandante llamó a la línea de integridad de la compañía y realizó la querella # 11-06-0001-77 CA. La línea de integridad nunca resolvió la querella ni envió resultado de investigación alguna.

3.7   La demandada de forma arbitraria, caprichosa, injustificada y discriminatoria, trató, ha tratado y continúa tratando de forma desigual al demandante, por motivo de su edad. Este trato desigual se ve reflejado en que los empleados beneficiados por los aumentos salariales son individuos más jóvenes que el demandante, con menor antigüedad y experiencia en el empleo.

3.8   Los actos discriminatorios de la demandada afectaron, afectan y continuarán afectando económicamente al demandante en los términos y condiciones de su empleo además de su salario, en sus aportaciones al 401K de la empresa, y su bono de navidad, y otras compensaciones y beneficios marginales a que tiene derecho y cuya compensación esta basada en la cantidad de salario.

### IV.   PRIMERA CAUSA DE ACCIÓN
### (LEY 100)

4.1   Se incorporan por referencia las alegaciones 3.1 a la 3.8.

4.2   Los actos realizados por Pall Life Sciences LLC; por conducto de sus agentes, gerentes y/o personal autorizado violan la Ley 100 de 30 de junio 1959 según enmendada conocida como Ley que prohíbe el discrimen en el empleo y según codificada en *29 L.P.R.A. §148* que dispone que prohíbe a un patrono discriminar en contra de sus empleados por razón de su edad.

**4.3**   Que Pall Life Sciences LLC; ha cometido, y esta cometiendo actos discriminatorios en contra del demandante en relación a los términos y condiciones del empleo del demandante por razón de su edad. En específico, se alega que Pall Life Sciences, LLC paga salarios más altos a aquellos empleados más jóvenes y con menor experiencia en el empleo. El demandante solicita que el patrono corrija

5

inmediatamente esta situación y proceda de inmediato a igualar su salario al salario mas alto que reciben aquellos empleados más jóvenes que él y que realizan idénticas labores a las que realiza el demandante. El demandante solicita que el ajuste salarial se haga de forma retroactiva a la fecha del 27 de agosto de 2010, fecha en la que denunció por primera vez esta injusticia a su patrono. El demandante estima que los actos discriminatorios de su patrono le ha ocasionado perdidas económicas ascendentes a una suma de por lo menos de **Diez mil Dólares ($10,000.00)** anuales a partir del 27 de agosto de 2010 más el pago de intereses, gastos, costas y honorarios de abogado. Además de una suma idéntica al doble de los daños según establece la Ley 100.

**4.4** Que además de los daños económicos sufridos por el demandante este se ha visto afectado en su condición de salud emocional debido a que las presiones económicas y el impacto de la injusticia salarial vivida ante sus compañeros le han causado, molestias y angustias mentales, las cuales se consideran en una suma no menor de **Veinticinco mil Dólares $25,000.00** para el y su cónyuge.

### V. SEGUNDA CAUSA DE ACCIÓN (ADEA)

**5.1** Se incorporan por referencia las alegaciones 3.1 a la 3.8.

**5.2** Los actos realizados por Pall Life Sciences LLC; por conducto de sus agentes, gerentes y/o personal autorizado violan la Ley Federal contra el discrimen en el empleo y según aparece codificada en 29 USCA 621 y siguientes, y en específico establece que será una practica ilegal en el empleo el que un patrono rehúse emplear o despida cualquier persona o que de cualquier otra forma discrimine en contra una persona con relación a los términos, condiciones y privilegios en el empleo por razón de su edad. El demandante solicita que el patrono corrija inmediatamente esta situación y proceda de inmediato a igualar su salario al salario mas alto que reciben aquellos empleados más jóvenes que él y que realizan idénticas labores a las que realiza el demandante. El demandante solicita que el ajuste salarial se haga de forma retroactiva a la fecha del 27 de agosto de 2010, fecha en la que denunció por primera vez esta injusticia a su patrono. El demandante estima que los actos discriminatorios de su patrono le ha ocasionado perdidas económicas ascendentes a una suma de por lo menos de **Diez mil Dólares ($10,000.00)** anuales a partir del 27 de agosto de 2010 más el pago de intereses, gastos, costas y honorarios de abogado.

5.3  Que además de los daños económicos sufridos por el demandante este se ha visto afectado en su condición de salud emocional debido a que las presiones económicas y el impacto de la injusticia salarial vivida ante sus compañeros le han causado, molestias y angustias mentales, las cuales se consideran en una suma no menor de **Veinticinco mil Dólares $25,000.00** para el y su cónyuge.

### VI. Tercera Causa De Acción
### (Articulo 1802 y 1803 del Código Civil)

6.1  Se incorporan por referencia las alegaciones 3.1 a la 3.8.

6.2  Los actos realizados por Pall Life Sciences LLC; por conducto de sus agentes, gerentes y/o personal autorizado constituyen actos negligentes e intencionales en tanto y en cuanto violan leyes y estatutos federales y estatales que son conocidos por estos y de forma deliberada y maliciosa y/o negligente y torticera han violado y continúan violando los mismos.

6.3  Que el artículo 1802 Código Civil establece: "el que mediando culpa o negligencia causare daño a otro incurrirá en responsabilidad civil." En el presente caso los agentes, gerentes y/o personal de Pall Life Sciences LLC, han incurrido en responsabilidad civil al participar ya bien por negligencia o de forma voluntaria y maliciosa en los actos discriminatorios cometidos por Pall Life Sciences LLC en contra del demandante.

6.4  Que los actos dañosos y torticieros cometidos por los agentes y/o gerentes de Pall Life Sciences LLc., han causado y causan daños al demandantes ascendentes a una suma estimada en o alrededor de los $45,000.00 en daños económicos, sufrimientos, angustias mentales entre otros.

6.5  Que el artículo 1803 del Código Civil impone responsabilidad a la demandada Pall Life Sciences LLC por los actos torticeros cometidos por sus empleados o agentes, por lo que la aquí demandada está obligada a resarcir al demandante por los actos antes mencionados.

7

**POR TODO LO CUAL,** se solicita muy respetuosamente de este Honorable Tribunal que declare **con lugar** la presente ~~Demanda y se sirva conceder el remedio~~ aquí solicitado.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, hoy 16 de Diciembre de 2013.

**DIAZ LAW OFFICE**
P.O. BOX 8579
HUMACAO, PUERTO RICO 00792
TEL:(787)852-5643 FAX:(787)285-1914
E-MAIL: IDALIAMARIE2000@GMAIL.COM

*[firma]*

IDALIA MARIE DIAZ PEDROSA
COLEGIADA NÚM. 12823
RUA:11560



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE HUMACAO

| | |
|---|---|
| PABLO RIVERA ANDREU<br><br>Demandante<br><br>vs.<br><br>PALL LIFE SCIENCES, LLC, JANE Y JOHN DOE DEMANDADOS DESCONOCIDOS<br><br>Demandados | CIVIL NUMERO: HSCI201301428<br><br>SOBRE:<br><br>DISCRIMEN POR EDAD, DAÑOS Y PERJUICIOS |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA )
EL PRESIDENTE DE LOS ESTADOS UNIDOS )  SS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO )

A:  **PALL LIFE SCIENCES, LLC**
    **Carretera 194 KM 0.4**
    **Fajardo, PR 00738**

o sea la parte co-demandada arriba mencionada.

POR LA PRESENTE se le emplaza para que presente al Tribunal su alegación responsiva a la demanda dentro de los **treinta (30) días** de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento, notificando copia de la misma a la abogada de la parte demandante o a ésta, de no tener representación legal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal en el ejercicio de su sana discreción, lo entiende procedente.

**Lcda. Idalia Marie Díaz Pedrosa**
Colegiada Núm. 12823\No. Tribunal Supremo 11560
Díaz Negrón & Assocs.
P.O. Box 8579
Humacao, Puerto Rico 00792-8579
Tel: (787) 852-5643 Fax: (787) 285-1914
Correo electrónico: lydiat@coqui.net

DEC 16 2013

Extendido bajo mi firma y el Sello de Tribunal hoy día ____ de _____. 2013.

Dominga Gomez Fuste
Secretario Regional

**SECRETARIO(A)**
Lizmario Ortega Hernandez
Por: **SUB-SECRETARIO(A)**

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO

Yo, __Ramón Rodríguez Luna__, declaro tener capacidad legal conforme a la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda en el caso de referencia fue realizado por mí el día __23__ de __Diciembre__ de __2013__, de la siguiente forma:

_____ Mediante entrega personal a la parte demandada en la siguiente dirección física:_____

_____.

_____ Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:_____

_____.

__X__ Dejando copia de los documentos a un (a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física: __P/c Carlos Colón, Vicepresidente de Operaciones__

_____.

_____No se pudo diligenciar el emplazamiento personalmente debido a que:_____

_____.

### COSTOS DEL DILIGENCIAMIENTO

$_____

### DECLARACIÓN DEL (DE LA) EMPLAZADOR (A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASÍ CONSTE, suscribo la presente en _____, Puerto Rico, hoy día\_\_\_\_ de _____ de _____.

_____
FIRMA DEL (DE LA) EMPLAZADOR (A)

_____
DIRECCIÓN DEL (DE LA) EMPLAZADOR (A)

AFFIDAVIT NÚM._____

Jurado y suscrito ante mí por _____, quien es mayor de edad, _____, y vecino de _____, Puerto Rico, a quien conozco personalmente.

En _____, Puerto Rico, hoy día \_\_\_\_ de _____ de 200\_\_\_\_.

_____
NOTARIO PUBLICO